UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMETRIUS MCBRIDE,

    Plaintiff,

v.

BIENVENIDO CANLAS, et al.,

    Defendants.
_____/

Case No. 2:20-cv-212

Hon. Hala Y. Jarbou

## ORDER

Plaintiff Demetrius McBride brought this civil rights action against the Michigan Department of Corrections ("MDOC"), the MDOC's medical provider, Corizon Health, Inc., and the following three employees of Corizon: Dr. Bienvenido Canlas; Chief Medical Officer ("CMO") Carmen McIntyre; and Registered Nurse Christi Corpe. The Court has dismissed the MDOC as a defendant.

On January 27, 2023, the magistrate judge issued a Report and Recommendation ("R&R"), recommending that the Court grant a motion for summary judgment by Defendant McIntyre and grant a motion for summary judgment by Defendants Canlas and Corizon Health, Inc. (*See* R&R, ECF No. 115.) The magistrate judge also recommended that the Court dismiss Defendant Corpe due to lack of service. (*Id.* at 47.) Corizon's successor, Tehum Care Services, Inc., filed for bankruptcy protection on February 13, 2023, so the case against Corizon is automatically stayed. (*See* Suggestion of Bankruptcy & Notice of Automatic Stay, ECF No. 120.) Before the Court are Plaintiff's objections to the R&R (ECF No. 27). Because of the stay, the Court will address the R&R and objections solely as to Defendants Canlas, McIntyre, and Corpe. The Court will not address any claims against Corizon.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

McBride's claims pertain to medical treatment that he received from Defendants, as well as their alleged failure to provide him with certain accommodations for pain and physical limitations. The magistrate judge discussed the facts and evidence at length in the R&R. The Court will not reiterate those facts here.

Objection 1

McBride first objects that the magistrate judge did not consider the depositions of Corpe and McIntyre. McBride does not explain what statements in those depositions are relevant to the summary judgment motions. Consequently, the Court cannot discern what impact the magistrate judge's alleged failure would have on the R&R.

Furthermore, McBride did not cite any portion of those depositions when responding to Defendants' motions. It was his responsibility to explain how the depositions were relevant. It was not the magistrate judge's responsibility to scour the depositions for evidence that might support McBride's opposition to Defendants' motions. And absent "compelling reasons," McBride cannot use his objections to raise new arguments that he did not raise to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Thus, the first objection is meritless.

Objections 2-4

Next, McBride objects that he provided the magistrate judge with copies of a MDOC policy directive, a statute, and grievance records regarding grievances against Defendants Corpe and

2

Canlas. McBride does not explain how any of these records are relevant to the R&R. Indeed, as to the grievance records, the magistrate judge does not recommend that the Court dismiss any claims due to McBride's failure to exhaust them through the grievance process. Thus, these objections are also meritless.

Objection 5

In a similar vein, McBride contends that the magistrate judge erred by not considering an affidavit that he submitted; however, McBride does not explain what facts in the affidavit are relevant to the R&R or to the motions for summary judgment. Consequently, the Court discerns no error in the R&R on this issue.

Objection 6

McBride objects to the magistrate judge's conclusion that CMO McIntyre was not personally involved in the denial of his special accommodation requests. (*See* R&R 4-5.) As evidence to dispute this conclusion, McBride cites a grievance response asserting that recommendations for accommodations were forwarded to the Assistant Chief Medical Officer ("ACMO"). (Pl.'s Objs., PageID.1333.) But McIntyre was not the ACMO, so this evidence does not create a genuine dispute of fact about whether McIntyre was personally involved in decisions about McBride's accommodations.

Objection 7

The magistrate judge concluded that Dr. Canlas was not deliberately indifferent to McBride's medical needs when she enlarged an existing punctum in his abscess without using a local anesthetic and then proceeded to drain the abscess. The Court agrees with the magistrate judge that this claim amounts to a disagreement with a medical provider's medical judgment about

3

whether to use an anesthetic. As such, it does not suffice to demonstrate an Eighth Amendment claim. (R&R 34-35.)

McBride also objects to the magistrate judge's conclusion that Canlas was not personally involved in the decision to deny McBride's request for an air mattress. However, McBride identifies no evidence to dispute Defendants' evidence, apart from a remark by Canlas that Corizon was responsible for that sort of decision. The Court agrees that this evidence does not suffice to show Canlas's involvement in the decision.

McBride argues that Dr. Canlas was nevertheless responsible for treating McBride's medical conditions. However, the magistrate judge noted that Canlas "took a host of actions to address McBride's neck and back pain," including requesting diagnostic procedures and a neurological consult, as well as placing McBride on work restriction, during a time when McBride was receiving prescription anti-inflammatory medication and pain relievers. (R&R 36-37.) Consequently, McBride cannot claim that Canlas was deliberately indifferent to his needs. McBride apparently believes that additional treatment was necessary, but a challenge to the adequacy of the treatment McBride received does not suffice to demonstrate deliberate indifference. *See Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (prisoner failed to demonstrate Eighth Amendment claim where he "target[ed] the medical staff's failure to provide more or better treatment," which amounted to second-guessing medical decisions). McBride contends that his condition deteriorated over time. If true, however, that contention simply demonstrates that Canlas's efforts did not resolve his symptoms. It does not demonstrate that her care was "so 'woefully inadequate' as to amount to deliberate indifference." *Id.* at 606.

4

Objection 8

McBride objects to the magistrate judge's statement that McBride had a duty to make reasonable efforts to locate Defendant Corpe in order to serve the complaint on her. That statement is correct. McBride's status as a prisoner proceeding *in forma pauperis* without counsel does not relieve him of that burden. (*See* R&R 49 (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 940 (E.D. Mich. 2004).)

Objection 9

McBride objects that the magistrate judge's statement of facts does not include the fact that Dr. Canlas paused the incision of McBride's abscess when McBride reached for Canlas's scissors, and then Canlas continued making an incision, causing "further intentional pain and suffering against [McBride's] will." (Pl.'s Objs., PageID.1335.) However, the R&R states, "Despite McBride's cries, Dr. Canlas continued to cut into the mass, which he then drained by squeezing the incision." (R&R 6.) There is no meaningful difference between the statement in the R&R and McBride's version. The important point is that Canlas continued the procedure despite his awareness of McBride's discomfort. The magistrate judge's summary reflects that fact.

Objection 10

The R&R indicates that a physician's assistant ("PA") denied McBride's request for an elevator accommodation. (R&R 9.) McBride objects that the R&R does not include his allegation that he had used a cane for years and he used a cane during his visit with the PA. These additional facts do not change the outcome. If McBride had a cane in the past, it is not clear why he required an elevator to accommodate his needs or his access to prison programs.

The R&R also notes that the PA told McBride that she would submit the accommodation requests recommended by a physical therapist for pain in his back and/or neck. (*Id.*) McBride

5

objects that the R&R does not include his allegation that the PA could see that he needed the accommodations. McBride does not explain why this additional fact is relevant. Thus, these objections are meritless.

Objection 11

McBride makes two objections that purport to "clarify" details in his medical records. (Pl.'s Objs., PageID.1335-1336.) He does not explain the relevance of these clarifications, so his objection is meritless.

Objection 12

McBride argues that there is evidence that McIntyre was personally involved in denying his accommodations request because PA Amy Westcomb told McBride that she would send his accommodation requests to the CMO. (*See* R&R 9; Pl.'s Aff. in Resp. to Mot. for Summ. J. ¶ 52, ECF No. 77.) However, there is no evidence that McIntyre actually received and then denied these requests. Instead, as McBride himself acknowledges, the ACMO reviewed and "deferred" a decision on those requests. (*See* MDOC Accommodations Decision, ECF No. 77-5, PageID.765-766.) McIntyre was not the ACMO.

Objections 13-14

McBride also argues that McIntyre was personally involved in the denial of his accommodations because she was the chair of the Medical Service Advisory Committee, which created the guidelines for approving special accommodations requests. However, McBride cites no evidence to support this assertion. Moreover, he did not make this argument when responding to McIntyre's motion for summary judgment, so this argument is not properly before the Court.

6

Objection 15

The magistrate judge concluded that McBride failed to provide evidence to support an official capacity claim against McIntyre because he did not identify a specific policy or practice that led to the violation of his rights. (R&R 21.) McBride now contends that he submitted MDOC Policy Directive 04.06.160 as evidence to support his claim. However, McBride did not cite this policy when responding to McIntyre's claim under § 1983. Instead, he discussed it as evidence to support his ADA claim. (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J., ECF No. 77-2, PageID.676.) Consequently, he has waived this argument.

Objection 16

McBride objects to the magistrate judge's assertion that he did not identify in his complaint or in his response brief how McIntyre discriminated against him. (*See* R&R 22.) In his objections, McBride asserts that he wrote a grievance on McIntyre and sent her a letter requesting assistance to alleviate his pain. But even these assertions fail to identify any discriminatory actions by McIntyre, so McBride's objection is meritless.

Objection 17

To rehabilitate his claims under the Americans with Disabilities Act and the Rehabilitation Act, McBride contends that McIntyre violated these statutes by "creating and enforcing the very strict and limiting guidelines for auxiliary aids and services to a narrow group of prisoners[.]" (Pl.'s Objs., PageID.1339.) He offers no evidence to support his assertions that McIntyre created and enforced the MDOC's guidelines for approving special accommodations, and he did not make this argument when responding to McIntyre's motion for summary judgment, so that argument is not properly before the Court.

Objection 18

McBride argues that he has a viable Eighth Amendment claim against Dr. Canlas because Canlas made a deliberate choice to use scissors rather than a scalpel when treating McBride's abscess, even after Defendant Corpe "suggested the use of a scalpel and lidocaine." (Pl.'s Objs., PageID.1340.) McBride did not make this argument when responding to Defendants' motion for summary judgment, and at any rate, it is meritless because McBride is challenging a medical judgment regarding the care that he received.

Objection 19

McBride contends that Dr. Canlas was deliberately indifferent to McBride's medical needs because Canlas failed to properly evaluate McBride's condition and need for an air mattress. McBride argues that Canlas abdicated his responsibility by deferring to the Medical Service Advisory Committee when considering McBride's request for special accommodations. However, as discussed in the R&R, Canlas took many actions to determine the nature and extent of McBride's condition; he was not deliberately indifferent. Moreover, deferral to a separate medical committee responsible for making accommodations decisions does not constitute deliberate indifference.

Objection 20

McBride asserts that he "drops" his equal protection claim against Dr. Canlas because he believes that the MDOC and/or Corizon were responsible. (Pl.'s Objs., PageID.1341.) This assertion is not an objection and does not impact the disposition recommended by the R&R, which concludes that Canlas is entitled to summary judgment on this claim. (*See* R&R 41.)

Objections 21-23

McBride objects to the magistrate judge's assessment of his federal claims against Corizon. The Court cannot resolve the claims against Corizon at this time because of the bankruptcy stay. Consequently, the Court will not address those objections.

Objection 24

McBride objects to the magistrate judge's recommendation that the Court decline to exercise supplemental jurisdiction over his claims under state law after dismissal of McBride's federal claims. McBride argues that the Court should retain supplemental jurisdiction because his state-law claims are "interwoven" with his federal claims. (Pl.'s Objs., PageID.1343.) However, the ordinary rule is that the Court should decline to exercise supplemental jurisdiction over state-law claims when the federal ones have been dismissed. Although the federal claims against Corizon will not be resolved because of the bankruptcy stay, the Court is not persuaded that it should depart from the ordinary rule as far as the other defendants are concerned.

Objection 25

Finally, the magistrate judge recommends dismissing Defendant Corpe because the U.S. Marshals Service attempted to serve process on Corpe four times but was not successful. (R&R 48.) Also, there was no indication that McBride had attempted to ascertain Corpe's current address. McBride responds that he "sought assistance from family members and friends to locate [Corpe]." (Pl.'s Objs., PageID.1343.) He provides no evidence to support this assertion and no further details about his efforts. Thus, the Court discerns no error in the recommendation to dismiss Corpe.

9

McBride asks for the appointment of counsel to assist him with finding and serving Corpe, but the purpose of such an appointment is to provide legal advice and representation. Attorneys are not private investigators.

Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that the R&R (ECF No. 115) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court, *solely with respect to the resolution of the claims against Defendants Canlas, Corpe, and McIntyre*. At this time, the Court does not adopt the R&R insofar as it recommends dismissal of claims against Corizon Health, Inc.

**IT IS FURTHER ORDERED** that the motion for summary judgment by Defendant McIntyre (ECF No. 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment by Defendants Corizon Health, Inc. and Canlas (ECF No. 71) is **GRANTED IN PART**, solely as to Defendant Canlas. The Court does not resolve the motion as to Corizon Health, Inc.

**IT IS FURTHER ORDERED** that the federal claims against Defendants Canlas and McIntyre are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the state law claims against Defendants Canlas and McIntyre are **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise supplemental jurisdiction over them.

**IT IS FURTHER ORDERED** that Defendant Corpe is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, in accordance with the bankruptcy court's automatic stay, the case against Corizon Health, Inc. is **STAYED**.

Dated: March 20, 2023  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE